UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNETTE N. NELSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:17-cv-01258-MMA (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 19, 20)** |

This Report and Recommendation is submitted to the Honorable Michael M. Anello, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On June 20, 2017, plaintiff Jennette N. Nelson filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits and for Supplemental Security Income ("SSI"). (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED,** that the Commissioner's cross-

motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

**PROCEDURAL BACKGROUND**

On May 24, 2013, plaintiff filed applications for a period of disability and disability insurance benefits and SSI under Titles II and XVI, respectively, of the Social Security Act, alleging disability beginning November 21, 2008. (Certified Administrative Record ["AR"] 234-39, 240-51.) After her applications were denied initially and upon reconsideration (AR 125-33, 138-42), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 143-44.) An administrative hearing was held on December 14, 2015. Plaintiff appeared at the hearing with counsel, and testimony was taken from her and a vocational expert ("VE"). (AR 33-64.)

As reflected in his January 21, 2016 hearing decision (AR16-27), the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from her alleged onset date through the date of the decision. The ALJ's decision became the final decision of the Commissioner on June 29, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-4.) This timely civil action followed.

**SUMMARY OF THE ALJ'S FINDINGS**

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 21, 2008, her alleged onset date. (AR 18.)

At step two, the ALJ found that that plaintiff had the following severe impairments: disorders of the lumbar spine and left knee. (AR 18.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 20.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Specifically, plaintiff could lift and carry up to 20 pounds occasionally and ten pounds frequently; stand and walk for up to four hours total during an eight-hour workday; sit for up to four hours total during an eight-hour workday; never climb ropes, ladders, or scaffolds; and occasionally balance, stoop, kneel, crouch, crawl and climb ramps or stairs. She should also avoid concentrated exposure to extreme cold, vibration and hazards. (AR 21.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that plaintiff's earnings record revealed that her work experience was not at a level of substantial gainful activity and did not constitute past relevant work. (AR 26.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, folder, hand packager, and information clerk), the ALJ found that plaintiff was not disabled. (AR 26-27.)

## SOLE ISSUE IN DISPUTE

The sole issue in dispute in this case is whether the ALJ failed to properly evaluate the opinion of plaintiff's treating physician, Dr. William McMurray of Vista Community Clinic. In a medical source statement dated December 12, 2014, Dr. MacMurray opined *inter alia* that plaintiff constantly experienced pain serious enough to interfere with attention and concentration needed to perform even simple work tasks; that she could walk zero blocks without rest or severe pain; that she could sit and stand/walk for only two hours each in an 8-hour work day; that she would sometimes need to take unscheduled breaks; that she should rarely lift above 10 pounds; and that she would be absent from work more than four days per month. (*See* AR 1626-30.) In his decision, the ALJ stated that he was giving no weight to this treating source opinion. (*See* AR 25.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial

evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes*, 881 F.2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

One of the four reasons proffered by the ALJ for according no weight to Dr. MacMurray's opinion that plaintiff had extreme pain and extreme limitations was that he was a primary care physician and not an orthopedic specialist. (*See* AR 25.) While under the Commissioner's regulations, the ALJ is permitted to "give more weight to the opinion of a specialist about medical issues related to his or her own area of specialty than to the opinion of a source who is not a specialist," *see* 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5), the Court finds that this first reason proffered by the ALJ does not constitute a specific and legitimate reason for according **no** weight to Dr. MacMurray's opinion. *See Lester*, 81 F.3d at 833 (rejecting argument that treating physician's opinion as to the claimant's mental functioning could be rejected because the treating physician was not a mental health specialist); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (treating physician was qualified to give medical opinion as to claimant's mental state even though physician was not a psychiatrist). Indeed, the Court notes that the Commissioner did not even bother to cite this first reason proffered by the ALJ.

Another reason proffered by the ALJ for according no weight to Dr. MacMurray's opinion that plaintiff had extreme pain and extreme limitations was that it was "so inconsistent with the remainder of the record." (*See* AR 25.) However, since the ALJ did not specifically identify the evidence of record that he was referring to, the Court finds that this vague reason is not sufficiently specific to constitute a legally sufficient reason for according no weight to Dr. McMurray's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (same); *see also Orn v. Astrue*, 495 F.3d 625,

632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citing *Embrey*, 849 F.2d at 421-22); *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."). Moreover, to the extent the ALJ was referring to the inconsistency between Dr. MacMurray's opinion and the opinions of the other physicians of record, the Court notes that any such inconsistency was merely determinative of the standard to be applied to the ALJ's proffered reasons for not crediting Dr. MacMurray's opinion; it was not a legally sufficient reason in itself. *See Lester*, 81 F.3d at 830 (in the event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a treating or examining physician's opinion); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

Another reason proffered by the ALJ for according no weight to Dr. MacMurray's opinion that plaintiff had extreme pain and extreme limitations was that the opinion was unsupported by the Vista Clinic progress notes, and specifically the progress notes from 2015 indicating that plaintiff had a "moderate activity level" and had been encouraged to exercise. (*See* AR 25, citing AR 1651, 1656.) The Court finds that this reason does constitute a legally sufficient reason on which the ALJ could properly rely to accord no weight to Dr. MacMurray's opinion. *See, e.g.*, *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting that opinion); *Tommasetti v. Astrue* 533 F.3d 1035, 1041 (9th Cir. 2008) ("[An] incongruity between [a physician's opinion] and [the physician's] medical records provides a[] . . . specific and legitimate reason for rejecting [the physician's] opinion of [the claimant's] limitations."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (same); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (same).

The fourth reason proffered by the ALJ for according no weight to Dr. MacMurray's opinion was that it was "inconsistent with [plaintiff's] ability to care for her children, drive a car and attend church and engage in moderate activity levels." (AR 25.) The Court finds that this reason also constitutes a legally sufficient reason on which the ALJ could properly rely to accord no weight to Dr. MacMurray's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected treating physician's opinion of disability because it was inconsistent with claimant's level of activity); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ could properly reject medical report by citing its inconsistency with the claimant's own testimony); *Magallanes*, 881 F.2d at 751, 754 (same).

## CONCLUSION AND RECOMMENDATION

In conclusion, the Court finds that, while the ALJ proffered two legally insufficient reasons for according no weight to Dr. McMurray's opinion, the error was harmless because the ALJ also proffered two other independent, legally sufficient reasons supported by substantial evidence. *See Stout v. Comm'r of Social Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless when such an error is inconsequential to the ultimate non-disability determination); *see also Howell v. Comm'r Soc. Sec. Admin.*, 349 Fed. Appx. 181, 184 (9th Cir. 2009) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (ALJ's erroneous rationale for rejecting treating physician's opinion was harmless because the ALJ otherwise provided legally sufficient reasons to reject opinion).

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED,** and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections

should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: June 13, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge