# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNETTE N. NELSON,<br><br>                         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No.: 17cv1258-MMA (RNB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Doc. No. 29] |

      Following an unfavorable decision in her Social Security appeal, Plaintiff Jennette N. Nelson ("Plaintiff") filed a Motion to Alter or Amend Judgment. Doc. No. 29. Defendant has opposed the motion. Doc. No. 34. Plaintiff did not file a reply brief. *See* Docket. The Court, in its discretion, decides the matters on the papers submitted and without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons stated herein, the Court **DENIES** Plaintiff's motion.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

      On June 20, 2017, Plaintiff filed this social security appeal challenging the denial of her applications for a period of disability and disability insurance benefits and for Supplemental Social Security Income. Doc. No. 1. The parties filed motions for summary judgment [Doc. Nos. 19, 20], and the Honorable Robert N. Block, United

1

States Magistrate Judge, issued a Report and Recommendation recommending the Court deny Plaintiff's motion and grant Defendant's cross-motion [Doc. No. 22]. The Report and Recommendation gave the parties fourteen days to serve and file specific written objections. *See* Doc. No. 22 at 7. Neither party objected within the fourteen-day period. *See* Docket. Having received no objections, the Court adopted Judge Block's Report and Recommendation in its entirety, denied Plaintiff's motion for summary judgment, and granted Defendant's cross-motion for summary judgment. Doc. No. 24. That same day, the Clerk of Court entered judgment in favor of Defendant. Doc. No. 25. On August 3, 2018, Plaintiff filed the instant motion to alter or amend the judgment in this action. Doc. No. 29.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). A motion to reconsider a judgment under Rule 59(e) seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988). In the Ninth Circuit, a Rule 59(e) reconsideration motion is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Rule 59 may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A district court may also grant a Rule 59(e) motion to "prevent manifest injustice." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). To

carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

### DISCUSSION

Plaintiff moves the Court to alter or amend its Order adopting Judge Block's Report and Recommendation to correct manifest errors of law or fact upon which the judgment is based.[1] Doc. No. 29 at 3. As an initial matter, Plaintiff did not object to Judge Block's Report and Recommendation. *See* Docket. Absent any objections, Plaintiff was not entitled to *de novo* review of the Report and Recommendation.[2] *See* 28 U.S.C. § 636(b)(1)(C). However, the Court considered the pleadings and memoranda of the parties as well as the administrative record, and made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law. Doc. No. 24 at 2. After doing so, the Court adopted Judge Block's Report and Recommendation in its entirety. *See id.* Thus, the instant motion appears to be an untimely effort to object to the Report and Recommendation. *See* Doc. No. 29. Nonetheless, the Court will address the merits of Plaintiff's motion.

Plaintiff challenges the Court's finding that the Administrative Law Judge ("ALJ") proffered two legally sufficient reasons for rejecting the opinion of treating physician Doctor Michael MacMurray, M.D. *Id.* at 4. Specifically, Plaintiff contends the ALJ improperly rejected Dr. MacMurray's opinion as inconsistent with the Vista Clinic

---

[1] Plaintiff does not argue that there is newly discovered evidence or that there is an intervening change in controlling law. *See* Doc. No. 29. As such, the Court only addresses manifest errors of law or fact in this Order.

[2] Plaintiff's counsel explains that she did not timely object to the Report and Recommendation because she went on a two week vacation and because her father became ill and passed away on the day she was supposed to return to the office. Doc. No. 29 at 4. While the Court is sympathetic, the Court notes that Plaintiff's counsel was due to return to the office one day before objections were due and that counsel's firm "did not calendar the response required following Judge Block's report and recommendation." *Id.* at 5.

progress notes and with Plaintiff's ability to care for her children, drive a car, attend church, and engage in moderate activity levels. *Id.* at 6-9. Contradiction between a treating physician's opinion and his treatment notes and between a treating physician's opinion and a plaintiff's level of activity are both legally sufficient reasons for rejecting a treating physician's opinion. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

The Court finds no reason to disturb its Order adopting Judge Block's Report and Recommendation as it was not manifest error to find that the ALJ provided two legally sufficient reasons to reject Dr. MacMurray's opinion. In December of 2014, Dr. MacMurray opined that Plaintiff had extreme pain and extreme limitations in nearly all areas of functioning.[3] Administrative Record ("AR") at 1626-34. Doctors John Lane, M.D., Massoud Hertzel Soumekh, M.D., and Afsaneh Maghsoudy, M.D., each made moderate or normal findings after examining Plaintiff. *See* AR at 1642-43 (noting that Plaintiff had "painful range of motion of the lumbar spine," but that "it is very hard to make a recommendation based on the three-year-old MRI" in Dr. Soumekh's possession); AR at 1645-47 (making normal findings with respect to Plaintiff's spine and knee); AR at 1649 (finding "[n]o acute fracture," with "no significant degenerative changes," and "no evidence of abnormal joint effusion," with unremarkable soft tissues). Moreover, Dr. MacMurray's own progress notes indicate less than extreme limitations of functioning. *See* AR at 1651-85 (noting Plaintiff self-reported "[m]oderate activity level," but that she "[n]ever exercises," and "encourag[ing Plaintiff] to exercise"). Plaintiff presented with pain on April 8, 2014, June 13, 2014, September 4, 2014, November 5, 2014, February 3, 2015, April 20, 2015, May 27, 2015, and June 4, 2015. AR at 1651-77, 1702-09, 1722-33, 1738-41. Dr. MacMurray's progress notes from these examinations indicate findings of tenderness in Plaintiff's lumbar spine and knee, reveal

---

[3] Dr. MacMurray opined Plaintiff is "markedly impaired" with respect to her ability to make simple work-related decisions and to ask simple questions. AR at 1632-33

4

that he refilled or changed Plaintiff's pain medication, and evince that he recommended that Plaintiff exercise. *See id.*

Further, the ALJ accorded "significant weight" to Doctor Erik Stark, M.D., who limited Plaintiff to "20 pounds of weightlifting and no kneeling or squatting" in November of 2010. AR at 24, 372-73, 526-28. Conversely, Dr. MacMurray opined that Plaintiff can neither sit, stand, nor walk for more than two hours in an eight-hour working day, can occasionally lift less than ten pounds, rarely lift ten to twenty pounds, and never lift fifty pounds or more, and can rarely twist, stoop, crouch/squat, climb ladders, or stairs. AR at 1628-29. Plaintiff contends Dr. Stark's opined limitations support Dr. MacMurray's opined limitations.[4] Doc. No. 29 at 8. Despite Plaintiff's argument, the Court finds these limitations support the ALJ's finding that Dr. MacMurray's opined limitations are "exaggerated."[5] *See* AR at 25.

Accordingly, the medical record does not support Dr. MacMurray's opinion that Plaintiff had extreme limitations in nearly all areas of functioning. As a result, the ALJ's decision to accord no weight to Dr. MacMurray as inconsistent with the medical record is a sufficient legal reason supported by substantial evidence in the record. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings.").

---

[4] Plaintiff also contends that the opinion Doctor James E. McSweeney, M.D., is consistent with, and therefore supports, Dr. MacMurray's opinion. Doc. No. 29 at 8. However, the ALJ accorded "little weight" to Dr. McSweeney as "vague, unsupported with clinical findings, . . . inconsistent with the medical record as a whole[, and] inconsistent with [his] own physical examination findings." AR at 24. Moreover, Plaintiff does not challenge the ALJ's rejection of Dr. McSweeney's opinion. *See* Doc. No. 19. Accordingly, Dr. McSweeney's opinion is of little relevance to the ALJ's rejection of Dr. MacMurray's opinion.

[5] Importantly, Dr. Stark's opinion is dated November 16, 2010 – four months after a surgery to repair the medial retinaculum of Plaintiff's left knee and over four years before Dr. MacMurray listed the above-opined limitations. AR at 372-73; 1626-30.

Plaintiff also contends the Court improperly found that Dr. MacMurray's opinion is inconsistent with Plaintiff's activity levels. Doc. No. 29 at 8. The ALJ noted that Plaintiff cares for her children, drives a car, attends church, and engages in moderate activity levels, which is inconsistent with Dr. MacMurray's opinion that Plaintiff is extremely limited in all areas of functioning. AR at 25; *see* AR at 300-07 (reporting that Plaintiff changes her baby's diaper, feeds and cleans her, watches her 13-year-old twins, does minimal vacuuming and sweeping, folds laundry, drives a car, and goes to church once a week); AR at 41-55 (testifying that Plaintiff sometimes grocery shops on her own; can do the laundry; can cook meals; drives; can sit for thirty to sixty minutes before needing to stand up, move, or lay down; stands or walks for less than a "fourth of [her] day[;]" and can stand or walk for up to twenty minutes at a time). Plaintiff also reported that on "some days [she] can't walk or move from [her] bed or [the] ground," and that on most days she "must rest." AR at 301-02. She also reported that she can walk for fifteen minutes or less before needing to rest and then must rest for thirty minutes or more before she can resume walking. AR at 306.

The Court finds that Dr. MacMurray's opinion of extreme limitations in nearly all areas of functioning is contradicted by Plaintiff's self-reported limitations. For example, Dr. MacMurray opined that Plaintiff could not walk a single city block or sit for more than fifteen minutes at a time, whereas Plaintiff reports being able to walk for fifteen to twenty minutes before needing rest and being able to sit for thirty to sixty minutes at a time. *Compare* AR at 306 (Plaintiff reporting she can walk for fifteen minutes or less before needing rest), *and* AR at 48, 52-53 (Plaintiff testifying she can sit for thirty to sixty minutes and walk or stand for up to twenty minutes at a time), *with* AR at 1627-28 (Dr. MacMurray opining that Plaintiff cannot walk a single city block and can only sit for fifteen minutes at a time). Additionally, Dr. MacMurray opined that Plaintiff is extremely impaired in the ability to understand, remember, and carry out simple instructions, to interact with the public in general or get along with co-workers or peers, while Plaintiff self-reported getting along well with authority figures, following written

instructions well and spoken instructions "average," and that she can socialize while sitting. *Compare* AR at 306-07 (Plaintiff's self-reported limitations), *with* AR at 1632-33 (Dr. MacMurray's opined psychiatric limitations). Accordingly, there is substantial evidence in the record supporting the ALJ's decision to reject Dr. MacMurray's opinion due to its inconsistency with Plaintiff's self-reported activity levels. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (stating that an ALJ may reject the opinion of a treating physician where there is an inconsistency between the opinion and a plaintiff's daily activities); *Rollins*, 261 F.3d at 856 (same).

## CONCLUSION

Having reviewed its previous ruling and the parties' briefing on the instant motion, the Court is satisfied that it committed no error. Plaintiff has not shown that the Court's Order adopting Judge Block's Report and Recommendation was based on a manifest error of law or fact. Accordingly, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).

**IT IS SO ORDERED**.

Dated: September 12, 2018

Hon. Michael M. Anello
United States District Judge